IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **ACQUITTAL** |
| vs. | ) | |
| | ) | |
| Erik James Vivier, | ) | Case No. 3:23-cr-142 |
| | ) | |
| Defendant. | ) | |

Defendant Erik James Vivier moves for judgment of acquittal. Doc. 67. The United States opposes the motion. Doc. 70. For the reasons below, the motion is denied.

## I.   BACKGROUND

A superseding indictment charged Vivier with (1) sexual abuse of an incapacitated person and (2) sexual abuse of a minor. Doc. 26. The United States alleged Vivier had sexual intercourse with Jane Doe, who at the time of the act was a child. Id. The United States also alleged Jane Doe was incapacitated at the time of the incident. Id.

Trial began on March 19, 2024. Doc. 59. When the United States' case-in-chief concluded, Vivier moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing insufficiency of evidence. Doc. 64 at 3. That motion was denied. Id. On March 22, 2024, the jury returned guilty verdicts on both counts. Doc. 65. Vivier now renews his motion for judgment of acquittal.

## II.   DISCUSSION

On a defendant's motion, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A post-verdict judgment of acquittal is warranted only if, "viewing the evidence in the light most favorable to the

Government and accepting all reasonable inferences that may be drawn in favor of the verdict, no reasonable jury could have found the defendant guilty." United States v. Jenkins, 758 F.3d 1046, 1049 (8th Cir. 2014) (cleaned up). "This standard is 'very strict' and a jury's verdict should not be overturned lightly." United States v. Boesen, 491 F.3d 852, 855 (8th Cir. 2007) (quoting United States v. Ellefson, 419 F.3d 859, 862 (8th Cir. 2005)). A reviewing court "must neither assess the witnesses' credibility nor weigh the evidence." United States v. Johnson, 474 F.3d 1044, 1048 (8th Cir. 2007) (citing United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002)).

Sexual abuse of an incapacitated victim requires the jury the find that (1) Vivier engaged in a sexual act with Jane Doe; (2) Jane Doe was incapable of appraising the nature of the conduct, or Jane Doe was physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; (3) Vivier knew that Jane Doe was incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating her unwillingness to engage in, that sexual act; (4) Vivier is an Indian; and (5) the offense was committed in Indian Country. Doc. 63. Vivier argues the United States failed to prove elements two and three.

To the extent Vivier's motion asserts the jury should have believed his preferred version of events, it is unpersuasive. Determinations of witness credibility rest firmly with the jury. United States v. Spight, 817 F.3d 1099, 1102 (8th Cir. 2016). Viewed in the light most favorable to the verdict, Jane Doe testified that she felt like "a zombie" and had been using alcohol and drugs on the night in question. She went on to testify that Vivier provided her with alcohol prior to the sexual act taking place. Jane Doe also described having no control over her body when Vivier followed her into a bedroom and had sex with her. Viewing this testimony in the light most

favorable to the jury's verdict, Vivier is not entitled to judgment of acquittal for sexual abuse of an incapacitated victim.

As to the sexual abuse of a minor conviction, Vivier claims the evidence was insufficient for the jury to find him guilty because it is a defense to the charge that he reasonably believed that Jane Doe had reached the age of sixteen. Doc. 63. Notably, the Defendant bears the burden of proof on this defense. Id. While Vivier did produce some evidence that he may have believed Jane Doe had reached the age of 16, there was evidence in the record to suggest otherwise. Vivier had multiple interactions with Jane Doe prior to the incident because she was dating his nephew. Joseph Morin also testified that Vivier told him he frequently communicated with Jane Doe when she was fighting with his nephew. The Court's task is not to reexamine the evidence, but instead to determine if the United States put forth enough evidence to support a conviction when looked at in the light most favorable to the verdict. See Johnson, 474 F.3d at 1048; United States v. Bredell, 884 F.2d 1081, 1082 (8th Cir. 1989). On this record, there is evidence to support the jury's rejection of Vivier's defense that he was not aware that Jane Doe was under the age of 16, and he is not entitled to judgment of acquittal for sexual abuse of a minor.

### III. CONCLUSION

After reviewing the record, the parties' filings, and the relevant legal authority, Vivier's motion for judgment of acquittal (Doc. 67) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of May, 2024.

> */s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court

3